UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOROTHY V. OLSEN,

       Plaintiff,

   v.                                  ORDER

MICHAEL J. ASTRUE,                 Civil No.  08-6030-ST
Commissioner of Social Security,

       Defendant.

HAGGERTY, District Judge:

     Magistrate Judge Stewart referred to this court a Findings and Recommendation [11] in this matter. The Findings and Recommendation recommends affirming the Commissioner's decision that plaintiff was not disabled for purposes of the Social Security Act. This court has performed a *de novo* review, evaluated the Findings and Recommendation, plaintiff's objections, and the entire record. For the reasons provided, this court adopts the Findings and Recommendation.

1 - ORDER

**DISCUSSION**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff objects to the Magistrate Judge's conclusions that: (1) the Commissioner met his burden at step five of the sequential process; (2) the failure of the Administrative Law Judge (ALJ) to address the testimony of Rose Houk was harmless error; and (3) the ALJ considered the combined impact of plaintiff's impairments.

Plaintiff argues that the Commissioner did not show that plaintiff can perform jobs existing in significant numbers in the national economy.  Specifically, plaintiff contends that the vocational expert (VE) "could not state with certainty what number of [surveillance-system monitor jobs] would still be available" given plaintiff's restrictions on public contact.  Objections to Findings and Recommendation at 2.  Although the VE testified at the hearing that 190 surveillance-system monitor jobs exist in Oregon and 47,000 nationally, she admitted there was "no way of knowing" what percentage of these positions would require public contact.  Transcript of Record at 274, 279.

This court does not agree that the VE's inability to provide the exact number of surveillance positions is significant.  The social security scheme does not contemplate that a VE will have the benefit of actual market surveys for each case in which they may testify.  Rather, the opinion of a VE regarding the number of available jobs may be based on a variety of documents, including federal government bulletins, occupational information received from state employment services, local newspapers, and trade journals.  Having estimated that 190 surveillance-system monitor jobs exist in Oregon, the VE rightly admitted that there was no way of knowing exactly what number of these positions would involve public contact.  The VE,

2 - ORDER

however, did testify that a surveillance position in a casino would not involve any public contact. Transcript of Record at 278.  In addition, the VE identified two other positions – bakery worker and laminating machine operator – that plaintiff could perform.  Because the VE testified that these jobs existed in significant numbers, this court concludes there was substantial evidence upon which the ALJ could make his finding.

Plaintiff also objects to the Findings and Recommendation's conclusion that the failure to address the lay witness testimony of Rose Houk was harmless error.  Although the Findings and Recommendation acknowledged that the ALJ "erred by not discussing Houk's testimony," it concluded that her "testimony repeated [plaintiff's] own testimony nearly word-for-word." Findings and Recommendation at 8.  Because the ALJ gave sufficient reasons for finding the identical testimony of plaintiff and her mother not credible, the Findings and Recommendation reasoned that the failure to discuss Houk's testimony was harmless.

Plaintiff argues that even if Houk's testimony essentially repeated plaintiff's testimony, "duplicative testimony is not worthless testimony."  Objections to Findings and Recommendation at 2.  Plaintiff is correct that Houk's testimony was not "worthless," and the Findings and Recommendation appropriately noted that the failure to discuss her lay testimony was error.  The question, however, is whether this error merits remanding for further consideration of Houk's testimony.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1043 (9th Cir. 2008) (holding that error at step four was rendered harmless by the ALJ's step five analysis). Because the ALJ set forth sufficient reasons to discredit the identical testimony of plaintiff and her mother, this court agrees that consideration of Houk's testimony would not affect the disability determination.  Accordingly, the Findings and Recommendation properly found that this error was harmless and did not warrant a remand.

Finally, plaintiff argues that the ALJ did not consider the combined impact of plaintiff's

3 - ORDER

impairments, specifically the combination of plaintiff's obesity and back impairments. As discussed in the Findings and Recommendation, the ALJ addressed this issue by adopting the report of Dr. Ray Nolan. Findings and Recommendation at 9. In her Objections, plaintiff argues that Dr. Nolan could not have properly considered plaintiff's combined impairments because he did not review a 2004 magnetic resonance image (MRI) of plaintiff's spine or a 2007 x-ray. This court does not agree that Dr. Nolan's opinion is invalidated because he did not consider every piece of medical evidence. There was sufficient support for Dr. Nolan's opinion that plaintiff's combination of obesity and back pain was not disabling, including his own observations of plaintiff.

## **CONCLUSION**

The court adopts the Findings and Recommendation [11]. For the reasons set forth above and in the accompanying Findings and Recommendation, the final decision of the Commissioner denying plaintiff Dorothy V. Olsen's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this  10  day of April, 2009.

                                             /s/ Ancer L. Haggerty  
                                             Ancer L. Haggerty  
                                             United States District Judge